UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                                          Criminal No. 26-CR-20267

v.

                                          Hon. Mark A. Goldsmith

Dawny Farid GUEVARA-George,

         Defendant.

_____/

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Dawny Farid GUEVARA-George has had many opportunities to conform his conduct to the law. He has chosen not to. A sentence of three months imprisonment and one year of non-reporting supervised release is sufficient, but not greater than necessary, to accomplish the goals of sentencing. *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008). The U.S. Probation Department has prepared a PSR in this case. The guidelines have been determined to be 0-6 months. PSR, ¶ 58. The government has no objections or changes to the report.

I.      **Procedural Background**

The defendant was charged in a criminal complaint with Unlawful Re-Entry, in violation of Title 8, United States Code, Section 1326(a). On May 8, 2026, he appeared on the complaint and consented to detention. He was charged in an

Information with one count of Unlawful Reentry Following Removal from the United States, in violation of Title 8, United States Code, Section 1326(a). ECF No. 7. He is expected to plead guilty as charged without a Rule 11 agreement and be sentenced on July 8, 2026. As of his July 8, 2026, sentencing date, the defendant will have spent approximately 62 days in the custody of the U.S. Marshals Service.

## II.   Factual Background

The defendant first came to the United States in 2005 at the age of 13 with his mother and siblings. He was given a notice to appear in immigration court and released with his family. He and his family failed to appear for their immigration proceedings and were ordered removed in absentia. PSR, ¶ 48.

In 2009, he was arrested on charges of contributing to the delinquency of a minor and driving on a suspended license. PSR, ¶ 25. He was also, at that time, encountered by immigration officials and processed for removal. PSR, ¶ 32. His removal proceedings were reopened to allow him to apply for relief, and he requested the privilege of voluntary departure from the United States. That was granted on June 24, 2010, with the warning that if he failed to voluntarily depart, an alternate order of removal would become effective October 23, 2010. PSR, ¶ 32.

The defendant chose not to depart. Instead, he encountered immigration officials again in December 2015. On that occasion, immigration officials failed to

identify that he had an outstanding removal order, and they instead issued a notice to appear in immigration court. That notice was subsequently cancelled.

From 2016 through 2021, the defendant accrued multiple traffic violations, failed to appear in court on five separate occasions, and was convicted of possession of marijuana. PSR, ¶¶ 26-29.

In 2022, immigration officials again found the defendant. When immigration officials attempted to arrest him, he refused to exit his vehicle and screamed at officers as he resisted being arrested. He was ultimately removed from the United States on November 7, 2022. PSR, ¶ 34.

The defendant reentered the United States unlawfully at an unknown time, but no later than March 8, 2024, less than 18 months after he was removed. PSR, ¶ 38. Over the last two years, he has again repeatedly driven without a license or insurance and failed to appear in court to deal with those cases on at least three separate occasions. PSR, ¶ 38-42. When he was ticketed again in April 2026, Sterling Heights police called immigration officials, who arrested him. PSR, ¶ 43.

The defendant's girlfriend and four minor children reside in Detroit and have no intention to travel to Honduras when his removed. PSR, ¶ 47. His father and three siblings all live in the United States. PSR, ¶ 46. The defendant has no plans about where he will live in Honduras and no ties there. PSR, ¶ 49.

3

### III.   Sentencing Calculation

A. <u>Statutory Maximum Sentences</u>

Count 1:  Unlawful Re-Entry into the United States after removal in violation of 8 U.S.C. §1326(a), not more than 2 years' imprisonment, a $250,000 fine, or both. Special Assessment $100. Class E felony.

B. <u>Sentencing Guidelines Calculations.</u>

The government agrees with the calculation of the guidelines at paragraphs 16 to 31 and 58 of the PSR. The guideline range is 0-6 months.

### IV.   Government's Recommendation

The government recommends a sentence of three months imprisonment and a one-year term of non-reporting supervised release. Such a sentence would recognize the seriousness of GUEVARA-George's offense conduct and would serve as a deterrent to future criminal activity.

### V.   Analysis of 18 U.S.C. § 3553(a) Factors

This is the defendant's first significant criminal conviction. He was previously convicted of possession of marijuana in 2016. However, he has a history of flouting the law, ignoring orders to appear in court, and abusing the immigration system by failing to voluntarily depart after being granted that privilege.

The defendant's offense, while not violent, is serious. The defendant's offense undermines our country's border security and compromises national

4

security measures. When individuals, like the defendant, do not file the proper visa applications, undergo necessary background checks, or submit themselves to inspection at ports-of-entry, immigration authorities cannot properly screen those who present safety and security threats to this country. This is especially true for individuals with a prior felony conviction. Congress recognized these concerns by making this a felony offense.

He also has significant ties to the United States and an incentive to return unlawfully in the future. His girlfriend and three minor children live in Detroit. He has siblings in Detroit and Texas, and his father lives in Texas. He has no ties to Honduras. The defendant is therefore at high risk of future criminal behavior in the form of unlawful reentry. The sentence imposed must be sufficient to deter him when considering his incentive to return.

The government believes that a sentence of three months in this case would afford adequate deterrence for the defendant's future criminal conduct and that of other potential immigration law violators, as well as promote respect for the law, and provide just punishment. However, because of the defendant's past reentry and his incentives to return, the government also believes a one-year term of non-reporting supervised release would provide an additional, necessary disincentive to return.

5

The JSIN data indicates that a sentence of four months, which is within the upper half of the guideline range, is the average sentence for similarly situated defendants. PSR, ¶ 82. A sentence of three months, just below the JSIN average, and at the midpoint of the guideline range, would generally avoid unwarranted sentencing disparities.

## CONCLUSION

For the reasons stated above, the government requests that the Court impose a sentence of three months imprisonment and a one-year term of non-reporting supervised release with a special condition that the defendant not return unlawfully and that he report to the United States Probation Office within 72 hours if he is allowed to return to the United States.

Respectfully Submitted,

Jerome F. Gorgon Jr.
United States Attorney

*s/Timothy E. Garcia*
Timothy E. Garcia
Special Assistant United States Attorney
(313) 226-9522
timothy.garcia@usdoj.gov

Dated: June 29, 2026

6

Certificate of Service

I hereby certify that on June 29, 2026, I electronically filed the foregoing document  with the Clerk of the Court of the Eastern District of Michigan, using the ECF system, which will send notification of such filing to all counsel of record.


/s Timothy E. Garcia
Special Assistant United States Attorney